[Cite as *State v. Myers*, 2020-Ohio-6792.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  19AP0045 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACOB MYERS | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.  2019 CR-B 0753 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jacob Myers, appeals his conviction for assault in the Wayne County Municipal Court. This Court affirms.

I.

{¶2} On May 30, 2019, at 1:40 p.m., Sergeant Kolek of the Wooster Police Department was dispatched to an address on East South Street for a possible domestic violence situation or assault in progress. After arriving at the location, Sergeant Kolek spoke to the victim and a witness who described the incident and indicated that the assailant had left the area. Both the victim and the witness told Sergeant Kolek that Myers had assaulted the victim after she told Myers she no longer wanted to see him romantically. Based on his investigation, including his physical observations of the victim, his observations of the location around where the incident occurred, and what the victim and the witness told him, Sergeant Kolek determined Myers should be placed under arrest.

{¶3}   Myers was arrested by another officer shortly thereafter and charged with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; assault in violation of R.C. 2903.13(A), a first-degree misdemeanor; unlawful restraint in violation of R.C 2905.03(A), a third-degree misdemeanor; and disorderly conduct in violation of R.C. 2917.11(A)(1), a minor misdemeanor.   Myers entered a plea of not guilty and the matter proceeded through the pretrial process.

{¶4}   The matter eventually proceeded to a jury trial, where Sergeant Kolek was the only witness to testify.   During trial, Myers' counsel objected to Sergeant Kolek's testimony regarding what the victim told him during his investigation, asserting that the statements were hearsay and violated Myers' right to confront his accuser.   The trial court overruled the objections.   Following deliberations, the jury found Myers guilty of assault.   The jury further found Myers not guilty of domestic violence and unlawful restraint.   The trial court dismissed the disorderly conduct charge after granting a Crim.R. 29 motion.[1]   The trial court thereafter accepted the verdicts of the jury, found Myers guilty of assault, and sentenced him according to law.

{¶5}   Myers filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court committed error by admitting testimonial hearsay in violation of Myers' Sixth Amendment Right to confront his accuser.**

---

[1] A review of the trial transcript shows that Myers' trial counsel requested the trial court to rule on his Crim.R. 29 motion.  The basis for the motion is not a part of the record.  In response, the trial judge stated that the court "made a decision on that appropriately off the record," but did not indicate the basis for the motion nor how the court ruled.  Nonetheless, the trial court's journal entry filed July 25, 2019, states that the disorderly conduct charge was dismissed following a Crim.R. 29 motion.

{¶6} In his sole assignment of error, Myers contends that the trial court abused its discretion when it allowed Sergeant Kolek to testify regarding statements made by the victim pursuant to the exited utterance exception to the rule against hearsay. Myers does not point to any specific statements made by the victim, and instead appears to argue that none of the victim's statements were admissible. Myers also contends that the admission of Sergeant Kolek's testimony regarding the victim's statements violated his constitutional right to confront his accuser. Again, he does not point to any specific statement, and instead appears to argue that none of the victim's statements were admissible.

{¶7} Initially, we note that "[t]he question of whether statements are admissible under the Rules of Evidence and the question of whether they are admissible under the Confrontation Clause are separate inquiries." *State v. Henning*, 9th Dist. Summit No. 29128, 2019-Ohio-2200, ¶ 17, citing *State v. Miller*, 9th Dist. Lorain No. 14CA010556, 2016-Ohio-4993, ¶ 9. "'[T]estimony may be admissible under the Confrontation Clause yet inadmissible under the rules of evidence, and vice versa, [so a] declarant's statements must fall within the constitutional requirements *and* the rules of evidence to be admissible.'" (Emphasis sic.) *Miller* at ¶ 11, quoting *State v. Nevins*, 171 Ohio App.3d 97, 2007-Ohio-1511, ¶ 36 (2d Dist.). Consequently, we consider Myer's evidentiary and Confrontation Clause challenges to the admission of the victim's statements separately.

**Hearsay**

{¶8} We review admissibility determinations made pursuant to the Rules of Evidence for an abuse of discretion. *Henning* at ¶ 17. An abuse of discretion connotes more than an error of law; it implies a court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay statements are inadmissible except as otherwise provided in the Ohio Rules of Evidence or other relevant constitutional or statutory provision. Evid.R. 802. Pursuant to Evid.R. 803(2), an excited utterance, defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition[,]" is an exception to the general rule. This is because the trustworthiness of an excited utterance—a declaration of what the declarant actually believes to be true—derives from the lack of opportunity to fabricate, not the moral character of the declarant. *State v. Wallace*, 37 Ohio St.3d 87, 95 (1988). To be admissible, the statement "must concern 'some occurrence startling enough to produce a nervous excitement in the declarant,' which occurrence the declarant had an opportunity to observe, and must be made 'before there had been time for such nervous excitement to lose a domination over his reflective faculties." *State v. Huertas*, 51 Ohio St.3d 22, 31 (1990), quoting *Potter v. Baker*, 162 Ohio St. 488 (1955), paragraph two of the syllabus.

{¶10} In this case, the trial court determined that the victim's statements regarding what occurred during the May 30, 2019 incident to Sergeant Kolek constituted excited utterances based on the "foundation * * * laid" in his testimony. Sergeant Kolek testified that he believed he arrived on scene within two to three minutes of the incident occurring. He stated that the 911 call reporting the incident was received at 1:40 p.m., that he was dispatched to the scene at 1:41 p.m., and that he arrived at the scene within two minutes of being dispatched. Regarding the victim's demeanor, Sergeant Kolek testified she appeared "visibly upset, fidgety," and that she was "talking really fast" and "unable to complete a thought." Sergeant Kolek also observed the victim's ear to be

actively bleeding, that she had red marks on her body, and that the back of her clothing was "soaking wet."

{¶11} On appeal, Myers does not point to any specific statements made by Sergeant Kolek in the trial transcript regarding the victim's statements to him as being inadmissible hearsay. *See* App.R. 16(A)(7). Because Myers has not pointed to any specific statement made by the victim, we cannot say that he has demonstrated that the trial court erred and abused its discretion by determining the victim's statements constituted excited utterances. Sergeant Kolek stated he arrived to the scene of the incident within minutes of the assault and the victim was visibly upset. Additionally, Sergeant Kolek observed that the victim still had red marks on her body, that her ear was still bleeding, and that the backside of her clothing was still soaking wet. Based on this testimony, the trial court could have reasonably determined that some or all of the victim's statements were not the result of reflective thought. *See Huertas* at 31. Though Myers states "[i]t is unclear which statements were made by [the victim] under 'excited state' and which statements were made under reflective thought[,]" if an argument exists that some of the victim's statements were made after reflective thought, it is not this Court's duty to develop that argument on Myers' behalf. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

**Confrontation Clause**

{¶12} We review admissibility determinations made over a Confrontation Clause objection de novo, giving no deference to the trial court's legal determinations. *Henning*, 2019-Ohio-2200, at ¶ 17.

{¶13} The Confrontation Clause guarantees a criminal defendant the right "to be confronted with the witnesses against him." Sixth Amendment to the United States Constitution. This right under the federal Constitution is applicable to the States pursuant to the Fourteenth

Amendment. *See Pointer v. Texas*, 380 U.S. 400, 403 (1965). An individual's confrontation right, however, "is not absolute and 'does not necessarily prohibit the admission of hearsay statements against a criminal defendant.'" *State v. Madrigal*, 87 Ohio St.3d 378, 385 (2000), quoting *Idaho v. Wright*, 497 U.S. 805, 813 (1990). Rather, the Confrontation Clause only bars the admission of "testimonial" hearsay statements. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). An out-of-court statement is testimonial when "in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation [giving rise to the statement] was to 'create an out-of-court substitute for trial testimony.'" *Ohio v. Clark*, 135 S.Ct. 2173, 2180 (2015), quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011). "In determining whether a statement is testimonial for Confrontation Clause purposes, courts should focus on the expectation of the declarant at the time of making the statement; the intent of the questioner is relevant only if it could affect a reasonable declarant's expectations." *State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, paragraph two the syllabus.

{¶14} Whether a statement made during police questioning is testimonial in nature depends on the circumstances surrounding the interrogation. *See Davis v. Washington*, 547 U.S. 813, 821-822. The United States Supreme Court stated in *Davis*:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id*. at 822. Domestic violence cases often have a narrower zone of potential victims than cases involving threats to public safety, however, "[a]n assessment of whether an emergency that threatens the police and public is ongoing cannot narrowly focus on whether the threat solely to the first victim has been neutralized because the threat to the first responders and public may

continue." *Bryant*, 562 U.S. at 363. Additionally, though not determinative of the issue, the "standard rules of hearsay, designed to identify some statements as reliable, will be relevant" when determining an interrogation's primary purpose. *Id.*, at 358-359.

{¶15} On appeal, Myers does not point to any specific statements made by Sergeant Kolek in the trial transcript regarding the victim's statements to him as being testimonial. *See* App.R. 16(A)(7). Consequently, we cannot say that he has demonstrated that the trial court erred by determining the victim's statements were not testimonial in nature. Viewed objectively, the totality of the circumstances involving the victim's statements to Sergeant Kolek demonstrate that the primary purpose of the questioning was to address an ongoing emergency and determine the current situation. Sergeant Kolek testified he was dispatched to the scene due to a report of a "domestic or assault in progress" and arrived within two minutes of being dispatched. Sergeant Kolek elicited the victim's statements immediately upon arriving on the scene and observed the victim to be visibly upset, bleeding, and wearing clothing that was soaking wet and dirty. *See Bryant* at 366 (the informality of an encounter between a victim and the police is a factor to consider). Although the victim told Sergeant Kolek that the perpetrator had fled, it appears from Sergeant Kolek's testimony that Myers may have been detained by another officer at some point during her statements to Sergeant Kolek. Regardless, Myers was not in custody and Sergeant Kolek had not made the determination to have Myers placed under arrest as the alleged perpetrator until after observing the victim and eliciting her statements.

{¶16} Because at least some of the victim's statements were elicited during an on-going emergency, they were not testimonial in nature and do not implicate the Confrontation Clause. Though we recognize that police questioning that begins as an interrogation to enable police to assist in an ongoing emergency may evolve into a more formal interrogation to establish or prove

past events relevant to a later criminal prosecution, *see Davis*, 547 U.S. at 828, Myers does not argue that such a situation occurred in this case. Again, if such an argument exists, it is not this Court's duty to root it out. *Cardone*, 1998 WL 224934, at *8.

{¶17} Myers' assignment of error is overruled.

III.

{¶18} Myers' sole assignment of error is overruled.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.